UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 16-68329-LRC |
| ) | |
| MICHAEL LEE MORGAN and ) | CHAPTER 7 |
| ANGELA ELLEN MORGAN, ) | |
| ) | |
| Debtors. ) | |

**DEBTORS' OBJECTIONS TO TRUSTEE'S MOTION TO SETTLE
AND COMPROMISE VARIOUS CONTROVERSIES AND TO
TRANSFER THE ESTATE'S INTEREST IN REAL PROPERTY**

COMES NOW Michael Lee Morgan ("Michael") and Angela Ellen Morgan ("Angela"), the debtors in the above-entitled bankruptcy case ("Debtors"), and hereby object to Trustee's Motion to Settle and Compromise Various Controversies and to Transfer the Estate's Interest in Real Property ("Trustee's Motion") for the following reasons, request an evidentiary hearing on Trustee's Motion, and respectfully show the Court as follows:

1.

Debtors have grown quite weary of the abusive litigation repeatedly brought against Debtors and wrongfully pursued by various entities over the course of more than eight years, beginning in August 2010 and continuing to the present time. As a consequence, Debtors would welcome the prompt resolution of the disputes involved in this prolonged litigation, including by settlement, provided that the terms of any such settlement agreement are reasonable and fair.

2.

Debtors, however, strenuously object to the settlement agreement proposed by Edwin K. Palmer ("Trustee") and Deutsche Bank National Trust Company, as Trustee of the IndyMac

1

INDX Mortgage Loan Trust 2004-AR10 ("Deutsche"), a copy of which is attached to Trustee's Motion as Exhibit B (the "Settlement Agreement"), because the terms of that agreement are extremely unjust and deny Debtors the relief, rights and benefits to which they are entitled under Chapter 7 of the Bankruptcy Code.

3.

While Debtors realize that the Trustee and Trustee's counsel, W. Russell Patterson, Jr. ("Trustee's Counsel") represent creditors, not Debtors, this does not mean that Trustee and Trustee's Counsel can run roughshod over Debtors, nor that they have carte blanche to increase Trustee's recovery at the expense of Debtors by misrepresenting facts, failing to exercise due diligence in prosecuting claims against Deutsche, and entering into a settlement agreement with Deutsche which is deceptive, unreasonable, and unjust.

## TRUSTEE AND DEUTSCHE HAVE FAILED TO DISCLOSE
## MATERIAL TERMS OF THE PROPOSED SETTLEMENT AGREEMENT

4.

The salient features of the Settlement Agreement, as stated in Trustee's Motion and in the Settlement Agreement, appear to be as follows: (a) Deutsche has agreed to pay Two Hundred Forty-Five Thousand Dollars ($245,000.00) for the Estate's one-half interest in the Property (and would be granted a Trustee's Deed conveying the Estate's one-half interest in the Property to Deutsche); (b) the notice of appeal that Debtors filed in the Superior Court of Fulton County, dated September 23, 2016, would be dismissed; (c) Trustee would enter into a Consent Order in the Fulton County Superior Court granting Deutsche unspecified relief against Debtors, where both the amount of such relief and the basis for such relief have also been specified; (d) Trustee will dismiss the claims Trustee made against Deutsche in Adversary No. 17-05239 (the

2

"Adversary Action"); and (e) the proof of claim filed by Deutsche, which is identified as Claim No 3 ("Deutsche's Proof of Claim") will be disallowed.

5.

The unspecified claims which Trustee and Deutsche would include in the subject consent order are referred to in Trustee's Motion and the Settlement Agreement by stating merely that Trustee and Deutsche would "agre[e] as to the relief sought by Deutsche . . . as it relates, inter alia, to the Equitable Lien claims of Deutsche." (Trustee's Motion, paragraph 6(b), p. 4; Settlement Agreement, paragraph 2.3(2), pp. 2-3).

6.

It thus is impossible, both under the terms stated in Trustee's Motion and the terms stated in the Settlement Agreement, to determine what relief Trustee is actually agreeing to include in a consent order. A Mack truck could be driven through the provisions contained in Trustee's Motion and the Settlement Agreement that agree to grant Deutsche, by a consent order, relief that relates to, "**inter alia**, the Equitable Lien claims of Deutsche." (Trustee's Motion, paragraph 6(b), p. 4; Settlement Agreement, paragraph 2.3(2), pp. 2-3; emphasis added). Due to the use of the term, "inter alia," and the ambiguity inherent in simply referring to "the Equitable Lien claims of Deutsche," one cannot determine (a) the type of relief to which the Trustee would consent, (b) the amount of relief to which Trustee would consent, nor (c) whether Deutsche would actually be entitled to any such relief.

7.

In fact, in the pleadings filed by Deutsche and the arguments made by Deutsche during the course of the previous litigation, Deutsche made many different claims to be entitled to equitable liens and the amounts to which Deutsche claimed to be entitled varied greatly.

8.

Furthermore, any claims made by Deutsche to be entitled to equitable liens for payments Deutsche allegedly made before Deutsche allegedly granted itself a deed under power conveying a one-half interest in the subject property to itself in April 2014 clearly lack merit, and the arguments made by Deutsche in support of such claims are frivolous.

9.

Furthermore, if the claims which Trustee and Deutsche would include in a consent order include claims to be entitled to attorney's fees, Deutsche is not entitled to attorney's fees for prosecuting frivolous claims which were soundly rejected by two different superior court judges (and maintaining other claims that lack merit).

### TRUSTEE'S COUNSEL MADE A NUMBER OF PHONE CALLS TO DEBTORS WHICH, BY OMISSION, MISREPRESENTED THE PROPOSED SETTLEMENT AGREEMENT AND INCLUDED INAPPROPRIATE REQUESTS

10.

In at least two phone calls which Trustee's Counsel made to Debtors, Trustee's Counsel described the proposed settlement agreement as including (a) the payment by Deutsche of $245,000 for the Property, and (b) Deutsche's waiver of all of the claims set forth in Deutsche's Proof of Claim.

11.

While Trustee's Counsel may also have mentioned the dismissal of the pending appeal in Fulton County Superior Court, he definitely did not refer to the proposed consent order nor to any relief which might be granted to Deutsche in such an order.

12.

In these phone calls, Trustee's Counsel materially misrepresented the terms of the proposed settlement agreement by failing to mention that the Settlement Agreement included a provision which provided for the filing of a consent order, nor any of the terms which would be included in such a consent order (or what matters would be addressed therein).

13.

In several other phone calls, Trustee's Counsel was extremely emphatic in asserting that he needed to contact Debtors daughter, who currently is serving in Afghanistan (and for whom a substantial claim is pending in the bankruptcy) to ask her to "reloan" the funds which she would be distributed in the bankruptcy to Debtors.

14.

The proposal which Trustee's Counsel wanted to make would be extremely unfair to Debtors' daughter, she should not be expected to agree to such a proposal, and there is no reason to believe that she would agree to such a proposal. Debtors immediately refused to have any part in such an arrangement.

15.

Debtors do not believe that the proposal made by Trustee's Counsel would serve any legitimate purpose.

5

16.

Furthermore, Debtors believe that the purpose of all of the phone calls referred to above was to induce Debtors not to file any objections to Trustee's Motion.

### DEUTSCHE'S CLAIM THAT IT IS ENTITLED EQUITABLE SUBROGATION (A FIRST PRIORITY LIEN AGAINST ALL OF THE PROPERTY) AS THE ASSIGNEE OF THE MARSHALL SECURITY DEED

17.

In November 2003, Herbert Marshall granted a promissory note to IndyMac; and Herbert Marshall and Frankie Marshall granted a security deed to IndyMac Bank, FSB, securing their interests in the Property (the "Marshall Security Deed").

18.

At the time, the Property was owned by Herbert Marshall, Frankie Marshall and Angela, as joint tenants with survivorship rights.

19.

At the closing of the subject loan, IndyMac failed to account for Angela's interest in the Property; as a consequence, IndyMac and any assignee of IndyMac are not entitled to any liens whatsoever on Debtors' interests in the Property, whether equitable or otherwise, which arise under the terms of the Marshall Security Deed. (Hereinafter, Debtor's will generally refer to their joint interests in the Property solely as "Angela's interest in the Property", because Michael did not own any interest in the Property at the time the subject payments were made.)

20.

Herbert Marshall died in November 2004; as a consequence of his death, (a) the Property was owned by Frankie Marshall and Angela, as joint tenants with survivorship rights; and (b)

Angela's half-interest in the Property was not subject to any liens, equitable or otherwise, which arise under the Marshall Security Deed. Biggers v. Crook, 283 Ga. 50, 656 S E.2d 835 (2008).

21.

An action was filed in the Fulton County Superior Court in August 2010 in the name of IndyMac (despite the fact that IndyMac was placed into receivership under the FDIC in July 2008); this action included a claim that "IndyMac" was entitled to a first priority lien against Angela's interest in the Property under a claim for equitable subrogation.

22.

In April 2014, in the action initiated in the name of IndyMac, Judge Russell (a) substituted Deutsche for IndyMac as the party plaintiff; and then (b) rejected Deutsche's claim to be entitled to equitable subrogation against Angela's interest in the Property, based on Bankers Trust Co. v. Hardy, 281 Ga. 561, 640 S.E.2d 18 (2007).

23.

In September 2016, in a second action initiated by Deutsche, Judge McBurney also rejected Deutsche's claim to be entitled to equitable subrogation against Angela's interest in the Property, again based on Bankers Trust Co. v. Hardy, 281 Ga. 561, 640 S.E.2d 18 (2007).

24.

Deutsche now stubbornly continues to claim that it is entitled to a first priority lien as to all of the Property, including Debtors' interests therein. (Settlement Agreement, Background, paragraph D, p.1; Adversary No. 17-05239, Answer and Counterclaim, Docket No 5).

25.

Deutsche is being stubbornly litigious, and its continuing claim to be entitled to a first priority lien with respect to all of the Property constitutes abusive litigation.

## DEUTSCHE'S CLAIMS TO BE ENTITLED TO EQUITABLE LIENS FOR PAYMENTS MADE UNDER THE MARSHALL SECURITY DEED

26.

Deutsche now also stubbornly claims to be entitled to equitable liens against Debtors' interests in the Property for payments that Deutsche allegedly made pursuant to the terms of the Marshall Security Deed.

27.

In Deutsche's Proof of Claim, Deutsche claims to be entitled to equitable liens for 100% of tax payments which Deutsche allegedly made in 2009, 2010 and 2011 in the sum of $18,739.00 and for 100% of a payment for forced-placed insurance which Deutsche allegedly made in 2009 in the sum of $5,079.

28.

Under the terms of the Marshall Security Deed, Deutsche would be entitled to (a) a first priority lien against for the subject payments **at law on a contract claim** against Frankie Marshall's interest in the Property; and (b) also would be entitled to **an action at law** against Herbert Marshall for any deficiency on the indebtedness (unless otherwise barred by law due to Deutsche's failure to pursue the claim).

29.

The terms of the Marshall Security Deed do NOT include any provisions under which Deutsche would be entitled to any lien against the Angela's interest in the Property, because Angela is NOT a party to the Marshall Security Deed.

30.

The same equitable principles set forth in Hardy, *supra,* which preclude equitable subrogation against Angela's interest in the Property also preclude any claimz for equitable liens against Angela's interests in the Property for payments made under the Marshall Security Deed. These principles include, but are not limited to, the facts that (a) IndyMac failed to account for Angela's interest in the Property at closing; and (b) with respect to Angela's interest in the Property, IndyMac and Deutsche are mere volunteers (and equity does not come to the aid of a volunteer).

31.

Deutsche's equitable lien claims for payments made under the Marshall Security Deed are also barred because Deutsche has an adequate remedy at law against Frankie Marshall for any relief to which it might be entitled, and thus is barred from obtaining any equitable relief.

32.

Deutsche cannot prove that it has standing to assert any claims for equitable liens. When Deutsche asserts claims for equitable liens, it is the party plaintiff, and thus, like all plaintiffs making claims under an alleged assignment, Deutsche must prove that (a) an assignment of the Marshall Security Deed to Deutsche exists; and (b) since the alleged assignment is based on an alleged power of attorney, Deutsche must also prove that the requisite power of attorney exists.

Deutsche cannot possibly prove the existence of any assignment of the Marshall Security Deed (because IndyMac did not exist when the alleged assignment was executed, except under FDIC receivership), and (b) the individuals who signed the alleged assignment did not have any power of attorney authorizing them to execute the document.

33.

Deutsche's problems with claiming to be entitled to equitable liens do not stop here. Deutsche's allegations attempting to assert equitable lien claims for payments made under the Marshall Security are rather vague and ambiguous. These claims rest only on allegations that Deutsche made certain payments, without setting forth (a) the basis for claiming to be entitled to equitable liens for making the payments, or (b) any rationale explaining why Deutsche would be entitles to equitable liens against property in which Deutsche has no security interest. **Deutsche has never alleged the necessary elements of any equitable cause of action for which an equitable lien would be an appropriate remedy, and Deutsche cannot prove all the essential elements of any such claim.**

34.

Furthermore, the type of equitable lien claim (for which an equitable lien would be appropriate relief) where the underlying elements which must be alleged and proved appear closest to the underlying facts involved here would involve a claim where (a) Deutsche was entitled to a contractual lien at law (here, under the terms of the Marshall Security Deed); (b) and Debtors somehow wrongfully interfered with the perfection of that contractual lien. Any such claim necessarily fails, because (a) Deutsche actually had a perfected lien against Frankie's interest in the Property (which is the only lien to which Deutsche was entitled), and (b) Deutsche

has no basis for asserting that Debtors interfered with Deutsche's perfection of its contractual lien against Frankie's interest in the Property. See <u>Lane Supply, Inc. v. W.H. Ferguson & Sons, Inc.</u>, 286 Ga.App. 512, 649 S.E.2d 614 (2007).

## **TRUSTEE'S MOTION AND THE SETTLEMENT AGREEMENT PAINT A RATHER FALSE PICTURE OF THE LITIGATION BETWEEN DEUTSCHE AND DEBTORS**

35.

When one reads the convoluted description contained in Trustee's Motion of the alleged disputes which would be resolved by the Settlement Agreement, one would reach (a) unduly negative conclusions about Debtors' role in the litigation between Deutsche and Debtors; and (b) unduly positive conclusions about Deutsche's role in that litigation. Trustee and Deutsche have painted an extremely false picture of the underlying circumstances which are involved in this matter. Trustee and Deutsche paint a picture in which Debtors faired rather poorly in that litigation. That simply is not true.

36.

One would conclude from reading these descriptions that Debtors repeatedly initiated endless lawsuits against numerous persons and entities (and that Debtors faired poorly in those actions). In reality, there have been only two lawsuits between Deutsche and Debtors: (a) one lawsuit which was improperly brought in the name of IndyMac (apparently for Deutsche's benefit); and (b) a second lawsuit which Deutsche initiated.

37.

In both of these lawsuits, Deutsche also pursued other frivolous actions. In the first lawsuit, this included an action for unjust enrichment, with respect to which (a) Deutsche did not

11

allege, and could not prove, the essential elements for such a claim; and (b) the action had been barred by the statute of limitations for more than five years at the time it was alleged.

38.

In the second lawsuit, this included an action for reformation of the Marshall Security Deed to add Angela as a party to that contract, more than a decade later, with respect to which (a) Deutsche also failed to allege, and could not prove, the essential elements; and (b) the action had been barred by the statute of limitations for more than seven years at the time it was alleged.

39.

Despite being *pro se* litigants with extremely limited financial and legal resources and no staff, Debtors actually fared extremely well against two different law firms, each of which had a partner who was, during part of the litigation, the head of the Real Property Section of the Georgia Bar.

40.

Both of the two lawsuits revolved almost exclusively around Deutsche's frivolous claims to be entitled to equitable subrogation against Angela's interest in the Property, which were soundly rejected by Judge Russell in the first lawsuit, and by Judge McBurney in the second lawsuit.

41.

Trustee's Motion and the Settlement Agreement also seriously misconstrue Debtors' potential claims against Deutsche and other parties involved in the frivolous litigation which Deutsche has been pursuing for more than eight years. Trustee has relied on a truncated version of Debtors' claims and falsely asserts in Trustee's Motion that Debtors claim to be entitled to

12

$10,000,000 for FDCP claims. See Schedule A/B: Property, Part 4, paragraphs 33 and 34, p. 8; Docket No. 9. If the requisite conditions precedent for pursuing all the damages potentially available under claims for abusive litigation were satisfied, the potential damages, including exemplary damages, arising from such litigation over a period of more than eight years would actually be rather large.

42.

These considerations are quite important, because the Court's perception of these matters could have a large impact on the Court's judgment as to whether the provisions contained in the Settlement Agreement would resolve the disputes addressed by that agreement in a manner which is just and equitable with respect to all of the parties involved, including Debtors.

### TRUSTEE'S COUNSEL DID NOT EXERCISE DUE DILIGENCE IN THE ADVERSARY ACTION OR THE NEGOTIATION OF THE SETTLEMENT

43.

Extensive legal research and discovery materials was readily available to Trustee's Counsel from Debtors, but he failed to avail himself of the opportunity to utilize this legal research and these discovery materials.

44.

With the materials readily available to Trustee's Counsel, he could have promptly filed a summary judgment motion at the commencement of the Adversary Action which would have resolved Deutsche's frivolous claim that it has a first priority lien on Debtors' interest in the Property, so the Property could [promptly be listed for sale. There was no need to wait for the close of discovery.

45.

While Trustee's Counsel served discovery upon Deutsche and made a couple motions to compel discovery, it appears from the absence of any certificate stating that Deutsche served any responses to discovery in the docket that Trustee's Counsel did not actually obtain the requested discovery from Deutsche and that Trustee's Counsel did not take further action to obtain the discovery or, in the alternative, other sanctions against Deutsche, which could have included a request that Deutsche be held in default.

46.

Due to the frivolous nature of Deutsche's claim to be entitled to a first priority lien against all of the Property, including Debtors' interests in the Property, Trustee should have been entitled to an award of attorney's fees.

47.

Instead of zealously pursuing Trustee's claims in the Adversary Action, Trustee's Counsel instead took the easy route of cutting a deal with Deutsche's counsel, at Debtors' expense, which has terms which are far too generous to Deutsche.

### THE SETTLEMENT AGREEMENT WOULD DEPRIVE DEBTORS OF RIGHTS AND BENEFITS WHICH THEY SHOULD RECEIVE IN THE BANKRUPTCY

48.

The claims contained in the proof of claim filed by Deutshe (Claim No. 3) are prepetition claims which should be resolved in the bankruptcy, not by a consent order in a superior court which grants Deutsche relief to which it is not entitled which would extend beyond the bankruptcy.

49.

Debtors should not be deprived of the right to object to the Deutsche's claims for equitable liens under the Marshall Security Deed or Deutsche's claim to be entitled to attorney's fees for matters on which Deutsche did not prevail.

## REQUEST FOR EVIDENTIARY HEARING

50.

Trustee has not presented any evidence concerning the value of the Property or the actual import of some of the material terms of the Settlement Agreement, including, but not limited to, the proposed consent order.

51.

Evidence is also necessary to resolve other matters addressed in Debtors' Objections to Trustee's Motion to Settle and Compromise Various Controversies to Transfer the Estate's Interest in Real Property.

52.

Debtors therefore respectfully request an evidentiary hearing on the matters addressed by Trustee's Motion and Debtors' objections thereto.

Respectfully submitted,

This 10th day of December 2018.

_____
MICHAEL LEE MORGAN
Debtor, *pro se*

_____
ANGELA ELLEN MORGAN
Debtor, *pro se*

110 Addison Court
Roswell, Georgia 30075
(404) 246-7246

j

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 16-68329-LRC |
| | ) | |
| MICHAEL LEE MORGAN and | ) | CHAPTER 7 |
| ANGELA ELLEN MORGAN, | ) | |
| | ) | |
| Debtors. | ) | |

## CERTIFICATE OF SERVICE

We hereby certify that we have this day served all interested parties with a copy of the foregoing Debtor's Objections to Trustee's Motion to Settle and Compromise Various Controversies and to Transfer the Estate's Interest in Real Property by depositing a copy of same in the United Statess mail with sufficient postage affixed thereto to assure delivery to the parties on the attached distribution list.

This 10th day of December 2018.

_____
MICHAEL LEE MORGAN
Debtor, *pro se*

_____
ANGELA ELLEN MORGAN
Debtor, *pro se*

110 Addison Court
Roswell, Georgia 30075
(404) 246-7246

j

## Distribution List

Edwin K. Palmer
POI Box 1284
Decatur, GA 30031

Office of the United States Trustee
362 Russell Federal Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315

W. Russell Patterson, Jr.
Ragsdale, Beals, Siegler, Patterson & Gray, LLP
2400 International Tower Peachtree Center
229 Peachtree Street, NE
Atlanta, GA 30303-1629

Monica K. Gilroy
3780 Mansell Road, Suite 140
Alpharetta, GA 30022